293 F.3d 595
 David ISRAEL, individually and as personal representative of the estate of Susan Israel, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and State Farm Fire and Casualty Company, Defendants-Appellees.
 Docket No. 99-7810(L).
 Docket No. 00-7188(CON).
 United States Court of Appeals, Second Circuit.
 Argued September 12, 2000.
 Decided May 21, 2002.
 
 David M. Cohen, Stamford, CT (Wofsey Rosen Kweskin & Kuriansky, LLP), for Plaintiff-Appellant David Israel, individually and as personal representative of the estate of Susan Israel.
 Daniel P. Scapellati, Hartford, CT (Halloran & Sage, LLP), for Defendants-Appellees, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.
 Before: FEINBERG, CABRANES and F.I. PARKER, Circuit Judges.
 FEINBERG, Circuit Judge.
 
 
 1
 This is an appeal by plaintiff David Israel, individually and as personal representative of the estate of Susan Israel, from a judgment of the United States District Court for the District of Connecticut (Arterton, J.) granting the motion of defendant State Farm Fire and Casualty Company (State Farm) for summary judgment.[1] The basis of the judgment was that the umbrella insurance policy sued upon did not provide uninsured motorist coverage for plaintiff Israel's losses because he had not maintained underlying uninsured motorist coverage. Because we believed that the appropriate interpretation of crucial policy language was not clear under Connecticut law, in December 2000 we certified two controlling questions of law to the Connecticut Supreme Court. Israel v. State Farm Mut. Auto. Ins. Co., 239 F.3d 127, 129 (2d Cir.2000) (hereafter Israel I). Our first question was whether certain language in the umbrella insurance policy dealing with the extent of coverage for insureds who fail to maintain underlying coverage is ambiguous and should be construed against the insurer. Our second question asked whether the policy's use of the word "you" in apparent reference in one place to "the named insured" and in another place to "any insured" also makes the policy ambiguous.
 
 
 2
 In an opinion issued in February 2002, the Connecticut Supreme Court answered our first question in the affirmative, Israel v. State Farm Mut. Auto. Ins. Co., 259 Conn. 503, 789 A.2d 974, 975 (2002) (hereafter Israel II). The court held that (1) defendant's umbrella policy language is ambiguous because it states two apparently conflicting consequences for insureds who fail to maintain the underlying coverage required by the policy, and (2) the policy must therefore be construed against the insurer so as to provide plaintiff with coverage. Id. at 976-78.[2]
 
 
 3
 Thereafter, we gave the parties an opportunity to comment on the Connecticut Supreme Court's opinion, which they did by supplemental briefs in letter form.
 
 I.
 A. Background
 
 4
 The following statement of relevant facts and description of the legal proceedings leading to our December 2000 certification is taken almost verbatim from our prior opinion. The facts in this case are undisputed. From November 1994 until October 1996, David Israel worked as a commercial pilot, flying out of Bridgeport, Connecticut. Israel stayed in Stamford, Connecticut, at the home of his mother and his stepfather (Lenore and William Gunther) when he was working, and stayed in Florida with his wife (Susan Israel) when he was not. As a result, Israel spent over two-thirds of his nights in the Gunthers' Stamford residence during this time period.
 
 
 5
 In May 1996, the car in which David and Susan Israel were traveling in Florida was struck head-on by a car driven by Melvin Root. Because of the severity of the damage to their car, David and Susan Israel were trapped in the automobile for some time, and during that period, David Israel watched his wife die as a result of injuries she sustained in the accident. David Israel survived, but was seriously injured. Root, who was also killed in the accident, was found to have alcohol and marijuana in his bloodstream. The police investigation that followed found that Root caused the accident, and for the purposes of this lawsuit, it is agreed that David and Susan Israel were in no way responsible for the collision.
 
 
 6
 During the relevant time period, Lenore and William Gunther were the named insureds in an umbrella policy[3] issued by State Farm that provided up to $1 million in personal liability and uninsured motorist coverage. According to the definitions section of the policy, those insured under it include those "named insured's relatives" who are "residents of the named insured's household" (emphasis in original). A numbered, nine-page booklet titled "Your State Farm Personal Liability Umbrella Policy" (sometimes hereafter referred to as "the nine-page booklet") sets out the definitions of terms used in the policy, the personal liability coverage provided by the policy, exclusions from the policy, the insured's duties to State Farm, and other conditions of the policy. An unnumbered addendum that follows these nine pages titled "Uninsured Motor Vehicle Coverage" (uninsured motorist addendum) describes the uninsured motor vehicle coverage provided by the umbrella policy.
 
 
 7
 The portion of the umbrella policy entitled "Your Duties to Us" that is found in the nine-page booklet includes the following language:
 
 
 8
 We [State Farm] may not provide coverage if you refuse to . . . maintain your underlying insurance. All insurance listed in the Declarations must be maintained at all times. The limits listed in the Declarations are the minimum you must maintain. If the required underlying limits are not maintained, you will be responsible for the underlying limit amount of any loss. If any of your underlying coverage limits are used up, reduced or canceled:
 
 
 9
 a. you must try to replace the coverage; and
 
 
 10
 b. you must notify us immediately.
 
 
 11
 You must maintain your underlying coverage if you travel outside the United States or Canada. If the minimum underlying limits we require are not available, you must obtain the highest legally available limit.
 
 
 12
 (Emphasis in original.) The uninsured motorist addendum provides, "You must maintain underlying limits for uninsured motor vehicle coverage equal to the limits listed in the Declarations. If these underlying limits are not maintained, this coverage will not apply" (emphasis in original). At the time of the accident, while Lenore and William Gunther maintained this underlying uninsured motorist insurance for their vehicle, David Israel did not for his.
 
 
 13
 Melvin Root was insured, but his insurance did not fully compensate David Israel and the estate of Susan Israel for their injuries. After exhausting this coverage, David Israel, on behalf of himself and the estate of Susan Israel, made a claim for uninsured motorist coverage under his mother's umbrella policy.[4] State Farm denied the claim. David Israel then brought the present action in Connecticut Superior Court, and State Farm removed the case to federal district court on the basis of diversity jurisdiction.
 
 
 14
 Following discovery, State Farm moved for summary judgment, asserting that (1) David Israel was not a resident of his mother's household and so was not covered by the umbrella policy; and (2) even if David Israel was a resident of his mother's household, his failure to maintain underlying uninsured motorist coverage precluded his claims under the policy.[5] In an opinion issued in February 2000, Judge Arterton granted State Farm's summary judgment motion, holding that although Israel was a resident of his mother's household under Connecticut law and thus an "insured" under the policy, his failure to maintain underlying uninsured motorist coverage precluded any claim under the uninsured motorist coverage of the umbrella policy. This appeal followed.
 
 B. The certification opinion of this court
 
 15
 On appeal, David Israel argued to us that the umbrella policy, properly interpreted, does not completely deny coverage to an insured who fails to maintain the required underlying insurance, but only requires the insured to bear responsibility for any loss up to the underlying limits before gaining access to the umbrella coverage. Israel also argued in the alternative that even if maintenance of underlying insurance was required, his mother's maintenance of such coverage on her own car satisfied the requirement. State Farm disputed both arguments.[6]
 
 
 16
 In Israel I, after concluding that Israel was covered under his mother's policy because he was a resident of his mother's household, we noted that the remaining issue in the case involved the appropriate interpretation of the policy's provisions in connection with the failure to maintain underlying uninsured motorist coverage. 239 F.3d at 132. We stated that
 
 
 17
 interpreting the provisions of the policy addressing underlying coverage thus requires a determination of whether the "Your Duties to Us" section applies to the uninsured motorist coverage and, if so, a further determination of whether the "Your Duties to Us" language, in combination with the language in the uninsured motorist addendum, creates an ambiguity.
 
 
 18
 Id. at 133. We stated our view that the appropriate interpretation of crucial policy language of the umbrella policy was not clear under Connecticut law, id. at 133-34, and we certified the following two questions to the Connecticut Supreme Court:
 
 
 19
 1. Where an umbrella insurance policy providing uninsured motorist coverage states that (1) coverage will not apply if underlying insurance is not maintained; (2) coverage may not be provided if the insured fails to maintain underlying coverage; and (3) if underlying coverage is not maintained, the insured will be responsible for the underlying limit amount of any loss, is the policy ambiguous as to whether it completely denies uninsured motorist coverage to an insured who fails to maintain underlying insurance or whether in that event it only requires the insured to bear responsibility for the loss up to the underlying limit amount, and should the policy therefore be interpreted to provide umbrella uninsured motorist coverage in whole or in part to an insured who has failed to maintain underlying coverage?
 
 
 20
 2. Where the declarations page of an insurance policy states, "If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy or as required by law" and the definitions section of the policy defines "you" as any insured, is the policy ambiguous as to whether "you" refers to the named insured only or to all insureds and should the policy therefore be interpreted to require only the named insured to maintain underlying insurance?
 
 
 21
 Id. at 129.
 
 
 22
 C. The Connecticut Supreme Court decision in response to our certification
 
 
 23
 In Israel II, a unanimous opinion issued in February 2002, the Connecticut Supreme Court analyzed the language of the umbrella policy regarding the extent to which an underinsured is covered, and held that in that respect the insurance policy is ambiguous. 789 A.2d at 976-78. The court therefore concluded that under Connecticut law the policy must be construed against the drafter insurance company so as to afford the plaintiff underinsured motorist coverage. Id. at 978-79. The court isolated the dispositive issue as follows:
 
 
 24
 Specifically, we must decide if the policy is ambiguous as to whether such failure [to maintain the underlying coverage required by the policy] vitiates the umbrella coverage, or merely results in the insured being personally responsible for the amount of the required underlying coverage before the umbrella coverage takes effect.
 
 
 25
 Id. at 976. The court found conflict between two provisions, one in the "Your Duties to Us" section of the nine-page booklet and the other in the uninsured motorist addendum. Id. at 976-77. The court held that this created uncertainty as to the status of the umbrella coverage when the underlying coverage is not maintained, thus rendering the policy ambiguous. Id. at 976-78. Specifically, the court found that the "Your Duties to Us" provision indicates that in the event of an insured's failure to maintain underlying coverage, the insured will be responsible for any loss up the amount of the required underlying coverage before the umbrella coverage takes effect, while the uninsured motorist addendum provision indicates that the insured forfeits umbrella coverage completely if he or she does not maintain the requisite underlying coverage. Id. at 977. The court concluded that this direct conflict between the two provisions is not resolved "in any manner that is comprehensible to a lay insured." Id. at 977.[7]
 
 
 26
 The Connecticut Supreme Court then stated that under Connecticut insurance law, ambiguities in a contract are resolved against the party responsible for its drafting, and that this canon is more rigorously applied in the context of insurance contracts than in other contracts. Israel II, 789 A.2d at 977 (citing Hansen v. Ohio Cas. Ins. Co., 239 Conn. 537, 687 A.2d 1262, at 1265 (1996)). Therefore, the court concluded that because the policy language is ambiguous, the policy must be construed in a manner that affords coverage to the insured.[8] Id. at 978. Thus, plaintiff David Israel's claims are covered by his mother's State Farm umbrella insurance policy.
 
 II. Analysis
 
 27
 We review de novo the district court's grant of summary judgment to defendants. Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc., 192 F.3d 337, 343 (2d Cir.1999).
 
 
 28
 It is stipulated that there are no genuine disputes concerning any material facts. The governing law on the controlling issue in this diversity case is the law of Connecticut. See, e.g., Belmac Hygiene, Inc., v. Belmac Corp., 121 F.3d 835, 840 (2d Cir.1997). We apply that law as stated by the Connecticut Supreme Court. Therefore, we hold that defendant's umbrella policy is ambiguous and must be construed against defendant so as to afford plaintiff Israel uninsured motorist coverage. We hold that plaintiff Israel's failure to maintain underlying insurance thus did not preclude his umbrella policy claim. We reverse the district court's grant of summary judgment to defendant, and remand for further proceedings consistent with this opinion.[9]
 
 
 29
 In defendant's letter brief to us, it argues that the Connecticut Supreme Court's opinion, while stating that plaintiff is covered by the umbrella policy, leaves open the question of whether Israel is covered by the policy in full, or only for the amount exceeding the required uninsured motorist coverage. We leave it to the district court to address this issue in the first instance when it considers the question of damages.
 
 
 30
 Reversed and remanded.[10] NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 
 Notes:
 
 
 [1]
 Plaintiff does not appeal the district court's entry of summary judgment in favor of State Farm Mutual Automobile Insurance Company, the other named defendant in this case
 
 
 [2]
 The Connecticut Supreme Court also stated that because it answered the first certified question in the affirmative, it "need not reach the second certified question."Israel II, 789 A.2d at 975 n. 2.
 
 
 [3]
 In this opinion, we use the term "umbrella policy" to refer to the policy as a whole, including the nine-page booklet titled "Personal Liability Umbrella Policy," the uninsured motorist addendum entitled "Uninsured Motor Vehicle Coverage," the declarations page, and four pages of endorsements
 
 
 [4]
 Root was not technically an uninsured driver; rather he was underinsured for the losses sustained by David and Susan Israel. State Farm has not argued that the umbrella policy's uninsured motorist coverage would not cover the losses occasioned by such an underinsured driver if all other conditions and requirements of the policy were met. We therefore assume that Root's status as an underinsured rather than an uninsured driver is not relevant to the question of State Farm's liability
 
 
 [5]
 Israel did not formally file a cross-motion for summary judgment. However, during a pretrial telephonic conference with Judge Arterton, State Farm stipulated that if it did not prevail in its motion for summary judgment, Israel would be entitled to judgment as to State Farm's liability and the parties would proceed to the issue of damages
 
 
 [6]
 State Farm also argued to us that Israel was not a resident of his mother's household and therefore was not "insured" under his mother's umbrella policy
 
 
 [7]
 The Connecticut court also rejected defendant's argument that the uninsured motorist addendum is an endorsement that controls other more general policy provisions. The court found that the addendum was not an endorsement since it was not labeled as such, while two actual endorsements in the policy were so labeledId. at 978. The court also rejected defendant's argument that the language in the uninsured motorist addendum is specific to that section and controls over the more general "Your Duties to Us" provision, finding that the uninsured motorist addendum is not "specific" and actually exacerbates the ambiguity. Id.
 
 
 [8]
 As indicated in n. 2 supra, the court did not find it necessary to answer our second certified question
 
 
 [9]
 Because the material facts were not in dispute, the parties agreed that plaintiff would be entitled to summary judgment as to liability if the district court denied defendants' summary judgment motion, and that the parties would then proceed to the issue of damages. See n. 5 supra
 
 
 [10]
 Our prior opinion left open the question of costs on the appeal in this court. In connection with the certification, we ordered the